UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Deborah Schreck,<br><br>Plaintiff,<br><br>-v-<br><br>Kilolo Kijakazi, *Acting Commissioner of the Social Security Administration*<br><br>Defendant. | 2:23-cv-7695<br>(NJC) (AYS) |

### MEMORANDUM AND ORDER

NUSRAT J. CHOUDHURY, United States District Judge:

On October 16, 2023, Plaintiff Deborah Schreck ("Schreck") commenced this action against Defendant Kilolo Kijakazi ("Kijakazi"), Acting Commissioner of the Social Security Administration ("SSA"), appealing Schreck's denial of social security benefits. (Compl. ECF No. 1.) Before bringing this action, Schreck filed an application for Social Security Disability benefits, which an administrative law judge ("ALJ") denied on November 8, 2022. (Compl. ¶¶ 6, 9.) Schreck then requested review of the ALJ's decision with the Appeals Council of the SSA, which also denied Schreck's request. (Compl. ¶ 11.) After bringing this action, the parties on January 23, 2024, filed a joint motion to remand the action to the SSA for "further consideration of the evidence." (ECF No. 8.) The Court granted that motion and the Clerk of Court entered judgment remanding the case. (Elec. Order, Jan. 25, 2024; ECF No. 9.) On remand, Schreck was awarded $98,430.32 in past due benefits and was found to be entitled to ongoing benefits for as long as she remains disabled, potentially for life. (Pl.'s Objs. at 2, ECF No. 18; ECF No. 14 ¶ 5.)

Before me now is a Motion for Attorney Fees (ECF No. 12) pursuant to 42 U.S.C. § 406(b) by Plaintiff's counsel at the Law Office of Charles E. Binder and Harry J. Binder, LLP

1

("Binder"), which seeks $12,303.79 in attorney's fees. On April 7, 2025, Magistrate Judge Anne Y. Shields issued a Report and Recommendation (the "R&R") recommending that the Motion for Attorney Fees be granted in part and denied in part because Judge Shields recommended that the Court find Binder's requested award amount to be an unreasonable windfall. (R&R, ECF No. 17.) Judge Shields therefore recommended that the Court award Binder $5,100 in attorney's fees. (*Id.* at 10.) A copy of the R&R was provided to all counsel and parties. (*See* Elec. Order, Apr. 7, 2025.) The R&R instructed that any objections to the R&R must be submitted in writing to the Clerk of Court within fourteen (14) days, i.e., by April 21, 2025. (R&R at 10.) On April 8, 2025, Schreck filed objections to the R&R. (Pl.'s Objs.)

In reviewing a report and recommendation concerning a motion for attorney's fees, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to" and may "accept, reject, or modify the recommended disposition." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997); *Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022). The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record. 28 U.S.C. § 636(b)(1)(C); *see also Larocco v. Jackson*, No. 10-cv-1651, 2010 WL 5068006, at *2 (E.D.N.Y. Dec. 6, 2010).

Having reviewed de novo the motion papers, the applicable law, the R&R, and Schreck's objections to the R&R, I adopt the thorough and well-reasoned R&R for the reasons set forth below. (ECF No. 17.) Therefore, the Motion for Attorney Fees (ECF No. 12) is granted in part and denied in part.

2

## DISCUSSION

As set forth in the R&R, in determining whether a request for attorney's fees amounts to a windfall, "courts must consider more than the de facto hourly rate." *Fields v. Fijakazi*, 24 F.4th 845, 854 (2d Cir. 2022); *see also* R&R at 4. Instead, courts weigh four factors, laid out in *Fields*, to assess whether a "relatively high hourly rate" is a windfall. 24 F.4th at 854. The factors are as follows: (1) "the ability and expertise of the lawyers and whether they were particularly efficient"; (2) "the nature and length of the professional relationship with the claimant— including any representation at the agency level"; (3) "the satisfaction of the disabled claimant"; and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Id.* at 854–55.

The R&R found that the third *Fields* factor—Schreck's satisfaction with Bidner's representation—did not weigh against the requested fee, but that the remaining three factors all counseled in favor of a downward adjustment in Bidner's requested fees. (R&R at 6–9.) As a result, Judge Shields recommends a downward departure to $1,500 an hour—what amounts to a contingency fee of approximately 5.2% of Schreck's $98,430.32 past-due benefits, which were awarded in September 2024. (R&R at 6, 10.) By contrast, Binder seeks 12.5% of Schreck's $98,430.32 past-due benefits for 3.4 hours of work from attorneys, resulting in an hourly rate of $3,618.76. (*Id.* at 6.) Both rates—the rate requested by Schreck and that recommended by the R&R—are significantly less than the statutory cap of 25%. *See* 42 U.S.C. § 406(b)(1)(A).

Schreck objects to Judge Sheilds's findings with respect to each of the *Fields* factors, including the third factor, which Schreck argues is more favorable than the degree accounted for in the R&R because Judge Shields failed to account for a specific fact. (Pl.'s Objs. at 2–5.) Schreck also objects that Judge Shields did not explain how the *Fields* factors support a 5.2% contingency fee. (*Id.* at 3.) I address each objection below, beginning first with Schreck's

3

satisfaction with her representation, which is the third *Fields* factor.

**I.    Satisfaction of the Disabled Claimant**

I agree with the R&R's finding that Shreck is satisfied with Bidner's representation but conclude that the R&R erred in discussing the factual record on this factor. Specifically, the R&R finds that "[a]lthough there is no submission from Plaintiff supporting or opposing [Binder's] request for fees, Plaintiff received a very favorable result from this action; she was awarded benefits for the entirety of her alleged disability period." (R&R at 8 (quoting *Munoz v. Comm'r of Soc. Sec.*, No. 20-cv-2496, 2023 WL 5310742, at *3 (E.D.N.Y. Aug. 17, 2023).) I agree with this finding, except with respect to its suggestion that "there is no submission from Plaintiff supporting" the request for fees. (*Id.*)

First, there is no question here that Schreck received an "excellent result" in her case "[t]hanks to Binder & Binder's efforts." *Fields*, 24 F.4th at 855. Upon remand to the SSA, the ALJ determined that that claimant "has been disabled . . . since October 1, 2017" (ECF No. 14-1 at 29), and as a result, Shreck was awarded $98,430.32 in past due benefits and is entitled to "ongoing benefits for as long as she remains disabled, potentially for life." (Pl.'s Objs. at 2.) That is significant because in *Fields*, which was also a case brought by Binder, the Second Circuit emphasized that the claimant "stands to receive a six-figure award of past-due benefits as well as ongoing monthly benefits, after the government fought long and hard to keep him from recovering anything." 24 F.4th at 855.

Second, contrary to the R&R's finding, Schreck submitted a letter to the Court in which she stated that "Binder's office has informed me that a fee of $12,303.79 will be requested" and that she is "completely satisfied with the serviced provided and [does] not dispute Mr. Binder's request for approval of a fee. Therefore, I request that you approve his requested fee." (ECF No. 16-1.) Submitting a letter of this kind "is not always done" so the submission of this letter is "a

4

point that should be considered." *Kazanjian v. Astrue*, No. 09-cv-3678, 2011 WL 2847439, at *3 (E.D.N.Y. July 15, 2011). Binder argues that this provides "strong grounds for awarding the full fee requested" despite the R&R's recommendations, suggesting that this letter can overcome the R&R's recommendation, which is based on consideration of all the *Fields* factors. (Pl.'s Objs. at 2.) In support, Binder cites *Kazanjian v. Astrue* and two district court decisions from other circuits. (*Id.* at 2–3.) However, in *Kazanjian*, the court held that the attorney's fees were appropriate because the plaintiff's view "confirms my own." 2011 WL 2847439, at *3. In other words, the plaintiff's letter constituted an "additional basis" for the court's conclusion rather than the primary reason for its holding. *Id.*

That is consistent with my reading of *Fields*. As the Second Circuit "cautioned," district courts should not "automatically reduc[e] reasonable contingency agreements, cognizant that doing so would impair the claimants' ability to secure representation." 24 F.4th at 856 (citing *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990)). However, the Second Circuit also reasoned that "a de facto hourly rate that is starkly out of line with de facto hourly rates in other Social Security cases may suggest a windfall," although the rate in *Fields* was "not such an outlier." *Id.* Another court reduced a request from Binder for a de facto hourly rate of $3,686.30, which is nearly identical to the 3,618.76 de facto hourly rate here. *See Figueroa v. Comm'r of Soc. Sec.*, No. 22-cv-3759, 2024 WL 5039633, at *4 (S.D.N.Y. Dec. 9, 2024). That court reasoned, "[t]he de facto hourly rate at which Binder would be paid falls far above even some of the highest attorneys' fees awarded in the Second Circuit." *Id.*; *see also Gray v. Comm'r of Soc. Sec.*, No. 20-cv-3916, 2023 WL 3948796, at *3–4 (E.D.N.Y. Jun. 12, 2023) (reducing a de facto rate of $1,879.58 per hour to $1,500); *Picolo v. Kijakazi*, No. 23-cv-6165, 2024 WL 5159439, at *2 (E.D.N.Y. Dec. 18, 2024) (reducing a de facto rate of $2,220.48 to $1,500). Moreover, in

5

*Figueroa*, as here, Binder also sought attorney's fees for less than four hours of attorney work. *Compare Figueroa*, 2024 WL 5039633, at *5 (2.7 hours), *with* Binder's Mot. Ex. B., ECF No. 14-1 (3.4 hours).

Although the R&R cites *Figuero*, *Gray*, and *Picolo* in support of its recommendation that the Court reduce Binder's requested fees to an amount corresponding to $1,500 per hour, Schreck does not address any of these cases in objecting to the R&R. (R&R at 9; *see* Pl.'s Objs.) I find *Figuero*, *Gray*, and *Picolo* persuasive authority that the requested attorney's fees are an outlier and that, as a result, I must weigh the other *Fields* factors to determine whether they justify awarding Binder the requested attorney's fees or whether the requested fee would constitute a windfall notwithstanding Schreck's approval of the requested fee.

## II.    Ability and Expertise of the Lawyers

Schreck next objects to the R&R's finding that the first *Fields* factor—which concerns the ability and expertise of counsel—warrants a downward departure. (R&R at 7; Pl.'s Objs. at 4.) In doing so, Schreck misconstrues the R&R's finding. The R&R "acknowledges Binder's substantial expertise in representing plaintiffs in Social Security disability cases," however it "also recognizes . . . that Binder's representation of Plaintiff, while efficient, required far less time than the amount typically deemed reasonable for a Social Security appeal in federal court" and that there is a risk that when the "federal action resolves successfully with minimal efforts, the potential for a windfall is substantially higher." (R&R at 6–7 (citations omitted).) Schreck objects to this finding, arguing that the fact that the case was remanded "has nothing to do with the 'ability and expertise' of counsel." (Pl.'s Objs. at 4.)

That objection misunderstands the purpose of the first *Fields* factor. As the Second Circuit explained in *Fields*, courts should consider the ability and expertise of the lawyers to determine "whether they were particularly efficient, accomplishing in a relatively short amount

6

of time what less specialized or less well-trained lawyers might take far longer to do." 24 F.4th at 854. "It would be foolish to punish a firm for its efficiency and thereby encourage inefficiency." *Id.* Consistent with *Fields*, the R&R found that Binder does have substantial expertise in Social Security appeals but that the "minimal efforts" required to resolve the action were not solely the product of Binder's expertise because, on average, Social Security appeals often require at least 30 hours in the district courts and Binder only expended 3.4 hours because the parties stipulated to remand. (R&R at 6–7, 10.) I therefore adopt the R&R's recommendation that the Court find that the ability and expertise factor warrants a downward departure from the requested amount of attorney's fees.

### III.     Nature and Length of the Professional Relationship

With respect to the second *Fields* factor, Schreck objects to the R&R's finding that Binder's representation of Schreck since May 2021 "at the agency level and involvement in one administrative hearing could not amount to the significant attorney-client relationship that *enabled Binder to efficiently represent Plaintiff in the federal court.*" (R&R 7–8 (emphasis added).) Schreck takes issue with the R&R's description of the "nature and length" of this representation as "relatively short." (Pl.'s Objs. at 4–5; *see also* R&R at 7.) Schreck points out that that Binder represented Schreck through the initial administrative process and appeals and also on remand, which amounted to "more than three years representing Ms. Schreck without compensation." (Pl.'s Objs. at 4–5.) However, the R&R acknowledged these facts. (*See* R&R at 7 ("Non-attorney representative at Binder, Lori Lembeck and attorney Patrick Busse, began representing Plaintiff before the SSA in May 2021, after Plaintiff's past-due benefits started to accrue in 2017, in connection with one hearing before an ALJ on June 2, 2022.").) The R&R then found that these facts distinguished the present case from *Fields*, where Binder had

7

represented the plaintiff at four separate hearings and in multiple appeals to the Appeals Council. *Id.*; *see also Fields*, 24 F.4th at 855.

Moreover, whether the length of Binder's representation is characterized as "relatively short" or not, again Schreck misses the operative factual finding by Judge Shields. As with Binder's ability and expertise, the R&R concluded that the high de facto hourly rate was not a product of this representation *enabling Binder to efficiently represent* Schreck in federal court. (R&R at 8.) I agree. As the Second Circuit explained in *Fields*, the "time spent and work performed" at the agency level can inform a district court's understanding of the "complexity of the case, the lawyering skills necessary to handle it effectively, . . . and the significance of the result achieved in district court." 24 F.4th at 855. Nothing about the representation provided in this action indicates that the high de facto hourly rate is especially high *because* of the complexity of the case. Finally, to the extent Schreck objects that Binder's representation of Schreck at the agency level was uncompensated, 42 U.S.C. § 406(a) governs the means of securing fees for representing a claimant at the agency level. Here, Schreck requests attorney's fees for representation before the federal courts under 42 U.S.C. § 406(b), and for the reasons explained above, I adopt the R&R's recommendation that the nature of Binder's relationship with Schreck warrants a downward departure in fees for this component of Binder's representation. (*See* R&R at 8.)

### IV. Uncertainty Regarding Benefits

Turning to the fourth *Fields* factor, Schreck objects to the R&R's finding that the "uncertainty" of the award was not high because Defendant stipulated to an award of benefits without any briefing. (Pl.'s Objs. at 5.) Schreck argues that the award of benefits was uncertain because the Commissioner's Appeals Council "did not award benefits to Ms. Schreck [on remand] but found it was necessary to remand the case to the ALJ to issue a decision." (*Id.* at 5.)

8

However, the fact that the Appeal Council did not award benefits is insufficient to demonstrate that it was uncertain whether benefits would be awarded as a result of this action. Therefore, I agree with other courts in this Circuit and with the R&R that the parties' stipulation to remand without briefing in a Social Security appeal indicates a "relative *lack* of uncertainty or difficulty." *Picolo*, 2024 WL 5159439, at *2 (emphasis added); R&R at 9; *see also Gray*, 2023 WL 3948796, at *4 (same where the parties stipulated after a single brief).

V.     **Contingency Fee Reduction to 5.2%**

Having addressed Schreck's objections to each of the R&R's findings with respect to the *Fields* factors, I turn finally to the R&R's recommendation that the Court decline to award the requested fee amount and instead reduce any award from the requested $12,303.79, which corresponds to a de facto hourly rate of $3,618.76, to $5,100, which corresponds to a de facto hourly rate of $1,500 per hour. (R&R at 9–10.) Schreck argues that the R&R fails to explain how it arrived at this reduction of Binder's 12.5% contingency fee to what is in effect a contingency fee of 5.2% of the total amount of Schreck's past-due benefits. (Pl.'s Objs. at 3.)

Before considering this objection, I adopt the R&R's recommendation that the balance of the *Fields* factors warrants a reduction in attorney's fees from the requested amount of $12,303.79. Given that Binder's requested fees are an outlier, *see supra* Discussion § I, I find that the absence of any other factors supporting the requested fees warrants a reduction in fees.

Schreck objects that "[e]ven assuming *arguendo* the other three factors weigh against awarding the full 25% of past due benefits," Binder self-reduced its fees by requesting a 12.5% contingency fee. (Pl.'s Objs. at 3.) Schreck acknowledges that there is "little law on what is an appropriate fee under such circumstances" but cites to other cases in which courts have awarded 12.5% of the past due benefits. (Pl.'s Objs. at 3–4 (citing *Duncan v. Comm'r of Soc. Sec.*, No. 20-cv-6218, 2024 WL 3594667 (E.D.N.Y. July 31, 2024); *Morales v. Comm'r of Soc. Sec.*, No.

9

7:20-cv-10568, 2023 WL 7168750 (S.D.N.Y. Oct. 5, 2023), *report and recommendation adopted*, 2023 WL 7166094 (Oct. 31, 2023); *King v. Kijakazi*, No. 20-cv-1139, 2023 WL 1782032 (D.N.H. Feb. 6, 2023); *John P. v. Kijakazi*, No. 2:21-cv-00318, 2023 WL 8800679 (D. Me. Dec. 20, 2023)).) However, Schreck relies on two decisions issued by district courts within the Second Circuit, both of which awarded de facto hourly rates lower than the $3,618.76 per hour rate that Schreck requests and do not provide authority supporting the appropriateness of a 12.5% contingency fee that would result in a de facto $3,618.76 hourly rate. *See Duncan*, 2024 WL 3594667, at *1 (awarding de facto hourly rate of $2,458.56); *Morales*, 2023 WL 7168750, at *3 (awarding de facto hourly rate of $1,469.89). The R&R recommends reducing the de facto hourly rate to a rate below the $2,458.56 rate upheld in *Duncan*, but the court's decision in *Duncan* was much less thorough and, as noted above, Binder fails to address other cases in which this Court reduced de facto hourly rates of $1,879.58 and $2,220.48 to $1,500. R&R at 10; *see supra* Discussion § I; *Duncan*, 2024 WL 3594667, at *1.[1] Thus, I agree with the R&R that Binder's requested fee of 12.5% is too high within the circumstances. That the statutory cap would have allowed counsel to request an even greater contingency fee of 25% does not make the requested fee for 12.5% any more reasonable.

Finally, I reject Binder's argument that Judge Shields failed to explain how she arrived at a contingency fee of 5.2%. (Pl.'s Objs. at 3.) The R&R did not arrive at a recommended amount of attorney's fees by deciding that a contingency fee of 5.2% was more appropriate than the fee

---

[1] Schreck also points out that in *Pevida v. O'Malley*, 1:22-cv-07472 (E.D.N.Y.), this Court awarded Binder $25,697.97 under 42 U.S.C. § 406(b), representing 12.5% of the claimant's past due benefits even though it translated to an effective hourly rate of $11,173.03. *See* Pl.'s Objs. at 4 n.1; Elec. Order, *Pevida*, 1:22-cv-07472 (E.D.N.Y. Sept. 19, 2024). However, in *Pevida* the court approved the requested fees in a single paragraph electronic order without discussing any of the *Fields* factors. *Id.* Thus, I do not find it persuasive.

10

of 12.5%. Instead, Judge Shields cited district court decisions surveying cases approving hourly rates between approximately $1,400 and $2,100. (R&R at 9 (citing *Figueroa*, 2024 WL 5039633, at *5).) Based on those cases, Judge Shields determined that $1,500 was a more appropriate hourly rate. (*Id.* at 10.) Although a de facto hourly rate of $1,500 reflects a rate at the lower end of the $1,500 to $2,100 range cited in the R&R, I conclude that it is a reasonable figure in light of the facts discussed above and the lack of clear guidance regarding how a final rate should be calculated. As a result, I adopt the R&R's recommendation that Binder's requested attorney's fees be reduced to $5,100 for the 3.4 hours expended.

## CONCLUSION

Accordingly, Binder's Motion for Attorney Fees (ECF No. 12) is granted in part and denied in part. The Court awards Binder $5,100 in attorney's fees pursuant to 42 U.S.C. § 406(b), paid from Schreck's past-due benefits per agency policy. Within seven days of receipt of the attorney's fees, Binder should refund to Plaintiff $841.50 for the previously awarded attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.

Dated: Central Islip, New York
       July 29, 2025

                                                        /s Nusrat J. Choudhury
                                                        NUSRAT J. CHOUDHURY
                                                        United States District Judge